IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEITH EDWARD ASHLOCK                                                              PLAINTIFF

      v.                              Civil No.   11-6072

THOMAS D. NICKOLICH, President
and Agent, AAA Bail Bond Company and
Exit Bail Bond Company, Inc.; and FREDDY (last
name unknown), Mena Representative for
Exit Bail Bond Company, Inc.                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Keith Edward Ashlock, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated at the Arkansas Department of Correction, East Arkansas Regional Unit, in Brickeys, Arkansas.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, on September 30, 2011, Plaintiff was in jail in Mount Ida, Arkansas, and obtained bond for his release from the Defendants. The bond was in the amount of $2900 and Plaintiff used his motor home as security for the bond. Plaintiff gave Freddy the title of the motor home to hold.

After he was released, Plaintiff paid $100 in cash on the bond and obtained a promise from

"Freddy" that the remaining $190 could be paid at a later time. Plaintiff was, however, given a receipt indicating he had paid the entire $290.

While he was out on bond, Plaintiff states he was staying in his motor home. On November 22nd and November 30th, Plaintiff states he was arrested and placed in jail on unrelated charges. While he was in jail, Plaintiff alleges Freddy entered onto private land and took possession of the motor home which contained Plaintiff's personal property.

According to Plaintiff, his bond was never revoked and he was soon released from jail. Upon release, Plaintiff states he went to Freddy's home and discovered he had "burnt up the motor" on the motor home. Plaintiff indicates he has attempted to file felony theft charges against Freddy but is waiting to hear the outcome of those charges.

### 2. Discussion

Under the PLRA's screening provisions, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard."  *See Ventura-Vera v. Dewitt*, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

      Plaintiff's claims are clearly subject to dismissal.  In general, private citizens do not act under color of state law for purposes of § 1983.  *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).  While private parties who conspire with state actors may be held liable under § 1983, *see e.g., Sanders v. Sears, Roebuck & Company*, 984 F.2d 972, 975 (8th Cir. 1993); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983), Plaintiff has not alleged the existence of a conspiracy between the Defendants and the jail officials.  A bondsman is not a state actor where he neither purports to act pursuant to a warrant nor enlists the assistance of law enforcement officers in enforcing a warrant or in apprehending his principal.  *Landry v. A-Able Bonding,* Inc., 75 F.3d 200 (5th Cir. 1996); *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1261 (M.D. Fla. 2004)(Bail bondsmen who work with their principals without any assistance from law enforcement officials are consistently found not to be state actors.).  Instead, "[a]s a general matter, bondsmen are private citizens who interact with the state in the course of pursuing their private interests.  Their conduct is therefore not attributable to the state."  *Dean v. Olibas*, 129 F.3d 1001, 1005 n. 1 (8th Cir. 1997).

### 3. Conclusion

      For the reasons stated, the claims are frivolous and/or fail to state claims upon which relief may be granted.  The complaint should be dismissed with prejudice.  The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g) and the Clerk should be directed to place a § 1915(g) strike on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of November 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE